**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AUDIE GLOVER, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| STANLEY WILLIAMS, | : | CIVIL ACTION NO. |
| Smith State Prison, | : | 1:12-CV-3562-TWT-JFK |
|    Respondent. | : | |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, Audie Glover, without payment of a filing fee, has filed a 28 U.S.C. § 2254 petition in which he challenges the constitutionality of his 2004 Cobb County convictions. (Doc. No. 1). For the purpose of preliminary review, it is **ORDERED** that Petitioner is **GRANTED** *in forma pauperis* status, and the matter is now before this Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (quoting McFarland v. Scott, 512 U.S. 849, 856 (1994)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 1910 (2012); see also Day

v. McDonough, 547 U.S. 198, 209-10 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. . . . Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").[1]

## I.  Discussion

Petitioner states that he was convicted on December 15, 2004, on two counts of cruelty to children and one count of aggravated battery and that he was sentenced to a twenty-year term of imprisonment. (Doc. No. 1 at 2); see also Glover v. State, 292 Ga. App. 22, 22, 663 S.E.2d 772, 774 (2008). On June 18, 2008, the Georgia Court of Appeals affirmed the judgment against Petitioner. Id. at 30, 663 S.E.2d at 779. Petitioner states that he did not seek any additional review after his direct appeal. (Doc. No. 1 at 3-5).

---

[1] This Report and Recommendation constitutes fair notice to Petitioner that his petition is deemed untimely. As indicated in the attached Service Order, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review any such objections *de novo*. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

2

In his federal habeas corpus petition, filed on October 3, 2012,[2] Petitioner challenges the above convictions. (Doc. No. 1 at 2). Among other things, Petitioner (1) states, without explanation, that the prosecution failed to inform him of evidence favorable to the defense; and (2) states that his counsel did not advise him of his right to challenge his conviction via a state habeas corpus petition or other post-conviction proceeding. (Id. at 8 and Attach.).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction. Section 2244 of Title 28 states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[2]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

3

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011). Also, actual innocence may provide an "exceedingly narrow" exception to AEDPA's time limitations. Id. at 1268 (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)) (internal quotation marks omitted); see also Rozzelle v. Sec'y,

Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)), cert. denied, 2012 WL 3072126 (Oct. 1, 2012) (No. 12-5469).

There being no suggestion in the record before this Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final when his time to give notice of intent to petition the Georgia Supreme Court for *certiorari* expired on Monday, June 30, 2008, ten days after his conviction was affirmed by the Georgia Court of Appeals on June 18, 2008. See Ga. Sup. Ct. R. 11, 38.

The petition states that Petitioner did not seek state collateral review, and he is, thus, not entitled to statutory tolling. Further, a review of Petitioner's pleadings

reveals nothing that entitles him to additional time due to equitable tolling[3] or the actual innocence exception.[4] Accordingly, the federal limitations period expired, for Petitioner, on June 30, 2009. It is recommended that this petition be dismissed as untimely because Petitioner filed it in October 2012, more than three years after the federal limitations period expired in 2009.

## II.  **Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether

---

[3]Counsel's alleged failure to inform Petitioner of his right to seek further review in state court is insufficient to prompt the application of equitable tolling when there is no indication that Petitioner was otherwise pursuing his rights diligently. (See Doc. No. 1, Attach.).

[4]Petitioner's unexplained statement that the prosecution failed to reveal evidence favorable to the defense falls far short of the actual innocence standard. (See Doc. No. 1 at 8).

6

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because based on Petitioner's submission to the Court the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

AO 72A
(Rev.8/82)

**III. Conclusion**

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 18th day of October, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)